|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |
| 7   |     |     |
| 8   | IN THE UNITED STATES DISTRICT COURT | |
| 9   | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10  | WILLIAM MARSHALL, | |
| 11  | Plaintiff, | No.  CIV S-10-1674 LKK KJM PS |
| 12  | vs. | |
| 13  | SUE SUMMERSET, et al., | |
| 14  | Defendants. | ORDER |
| 15  | _____/ | |

Plaintiff is proceeding in this action pro se.  The federal venue statute requires that a civil action wherein jurisdiction if founded only on diversity of citizenship may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

In this diversity action, all of the defendants do not reside in the same state. However, a substantial part of the events giving rise to the claim occurred in the Southern District of California.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Southern District of California.   In the interest of justice, a federal court

1

1 | may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C.
2 | § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
3 |     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
4 | United States District Court for the Southern District of California.
5 | DATED: July 6, 2010.

_____
U.S. MAGISTRATE JUDGE

006
marshall.tra